IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **OSCAR MENDEZ PAZ**, individually and on behalf of other employees similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16 C 895<br>) |
| **TRANSMISSION 4 LESS CO. OF AMERICA** and **SALIM N. SAFRAN**, Individually, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defense counsel have just filed an Answer to Complaint in response to an action charging their clients with asserted violations of the Fair Labor Standards Act and its Illinois law counterpart. Because that responsive pleading reflects an obvious unfamiliarity with federal court pleading in at least two respects, this memorandum order is issued sua sponte to strike the Answer, but with leave granted to file a proper replacement forthwith.[1]

Most annoyingly, the Answer has failed to conform to this District Court's LR 10.1, a provision most commonly complied with by a straight-out verbatim reproduction of each paragraph of a complaint, followed in turn by a response to that paragraph. That LR's purpose should be obvious, for it spares the reader the nuisance of having to flip back and forth between two documents to see exactly what matters are and what matters are not put in issue.

---

[1] This memorandum order has been issued immediately on this Court's receipt of the Answer's March 10 filing in the hope that the replacement pleading can be in hand on or before the previously scheduled March 16 status hearing date.

While defense counsel are returning to the drawing board to provide a proper Amended Answer, their attention is called particularly to their nonadherence in a number of the Answer's paragraphs to the clear roadmap set out in Fed. R. Civ. P. ("Rule") 8(b)(5) to deal with the situation where a defendant can neither admit or deny a plaintiff's allegation, as Rule 8(b)(1)(B) otherwise requires. On that score counsel would do well to read App'x ¶ 1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) and then provide an appropriate response to Complaint ¶¶ 22, 27, 28 and 31.

Finally, it should be emphasized that this Court has made no effort to be exhaustive as to the sufficiency or appropriateness of the Answer in any other respect. For one thing, that task would subject this Court to the nuisance sought to be avoided by LR 10.1, and for another the task of posing challenges to particular responses is best left to opposing counsel.

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date: March 10, 2016